UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS GROSSO, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00327-GZS |
| | ) |
| AETNA LIFE INS. CO., et al., | ) |
| | ) |
|     Defendants | ) |

### ORDER ON PLAINTIFF'S
### MOTION FOR DISCOVERY (ECF No. 15)

This action arises under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.  Plaintiff Douglas Grosso has filed a motion requesting leave to conduct discovery (ECF No. 15).  For reasons that follow, the motion is denied.

#### BACKGROUND

Plaintiff's First Amended Complaint (ECF No. 20) relates that he participated in an employee benefit long term disability insurance plan through Johnny's Selected Seeds.  Plaintiff alleges he has been disabled since December 17, 2008.  (Am. Compl. ¶ 7.)  Defendant Aetna paid Plaintiff long term disability benefits beginning June 15, 2009.  (Id. ¶ 9.)  The plan paid disability benefits through September 13, 2011, when it terminated benefits, alleging plaintiff was no longer disabled under the plan.  (Id. ¶ 14.)

The Social Security Administration found that plaintiff was under a disability, defined as an inability to engage in any substantial gainful activity by reason of impairment expected either to result in death or to last for a continuous period of at least 12 months.  (Id. ¶ 11.)  According to the complaint, defendant referred the claims file for an independent review.  (Id. ¶ 16.)

Plaintiff otherwise alleges that "Aetna acted in bad faith by intentionally disregarding and ignoring facts in support of Plaintiff's claim." (Id. ¶ 17.)

On January 22, 2013, Grosso filed his motion to conduct discovery in which he seeks an order compelling Aetna to respond to six document requests and six interrogatories, which he attached as exhibits to the motion. (Motion at 5.) Grosso argues that he requires this discovery in order to explore conflict of interest issues allegedly raised by Aetna's reliance on several reports prepared by the independent medical record peer review physician consultants in connection with its review of his benefit claim.

## DISCUSSION

As explained by the parties, Defendant was not only the final decision maker with respect to Grosso's claim for benefits under the plan, but also the party that would pay the benefits it awarded. Plan administrators who serve the employee benefits market in this dual role are understood to operate under the cloud of a "structural conflict." Denmark v. Liberty Life Assur. Co., 566 F.3d 1, 7 (1st Cir. 2009). When the plan administrator has been assigned special discretionary authority to make benefits determinations, despite the presence of the structural conflict, courts are directed to "review benefit-denial decisions for abuse of discretion, considering any conflict as one of a myriad of relevant factors." Id. at 9 (citing Met. Life Ins. Co. v. Glenn, 554 U.S. 105, 117 (2008)). Because structural conflicts are a factor, "courts are duty-bound to inquire into what steps a plan administrator has taken to insulate the decisionmaking process against the potentially pernicious effects of structural conflicts." Id.

In ERISA cases, discovery is constrained. Judicial review of a benefits determination ordinarily is to be based on the same record that was before the claims administrator. Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003) (stating that review is

presumptively "on the record made before the entity being reviewed" and that "some very good reason" is required to deviate from that presumption). "Because full-blown discovery would reconfigure that record and distort judicial review, courts have permitted only modest, specifically targeted discovery in such cases." Denmark, 566 F.3d at 10. Even in the area of structural conflict, discovery "must be allowed sparingly and, if allowed at all, must be narrowly tailored so as to leave the substantive record essentially undisturbed." Id. Discovery on the topic should exist only where there are gaps or ambiguities in the record or to ensure that documented procedures were followed. Id.

  The basis Grosso provides for his motion is that the peer reviewers' bias is evidenced in the administrative record by their purported mischaracterization of his treating physicians' findings and alleged omissions of references to medical findings, which he claims to be evidence of his disability. (Pl. Motion at 2.) Based on these purported instances of bias, Grosso requests that this Court order Aetna to respond to plaintiff's proposed interrogatories propounded to defendants and plaintiff's first request for the production of documents. (See ECF Nos. 15-1 and 15-2 for the plaintiff's discovery requests.) Grosso's discovery demands would require Aetna to provide the following: (1) the amount of compensation Aetna paid to MLS regarding the peer review reports conducted in this case, including the amount of compensation paid to each independent medical record peer review physician retained by MLS to perform a review; (2) the number of claims that Aetna administered under the Plan three and a half years before Grosso's claim; (3) the number of these claims referred to MLS; (4) the number of claims in which MLS recommended that benefits be denied or terminated; (5) the number of these claims which actually resulted in denial or termination; (6) the compensation and track record of opinions for

each peer review physician retained in plaintiff's case regarding disability during the five years prior to that doctor's peer review connected to plaintiff's case.

I do not see how the discovery sought would further the court's review of the administrative record. Aetna's treatment of plaintiff's treating physician's report is part of the record and the independent reviewers' deference, or lack thereof, to the treating physician is likewise part of the record. That information is specific to this case and it can be evaluated in the context of this claims decision. The discovery sought by plaintiff would not provide information likely to assist with a meaningful review of the record. See Fortin v. Hartford Life & Accident Ins. Co., No. 1:11-cv-00230-DBH, 2011 U.S. Dist. Lexis 137118 (D. Me. Nov. 29, 2011) (denying such discovery on the grounds that "it would add nothing to this record in terms of the decision made in this individual case" and that "this Court is not in a position to evaluate the merits of [multiple] years of denied claims under this disability plan"). The motion for discovery is denied.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*

Dated: March 11, 2013                          /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge