UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS GROSSO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00327-GZS |
| | ) |
| AETNA LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES**

On October 21, 2013, the Court granted in part and denied in part Plaintiff Douglas Grosso's Motion for Judgment on the Administrative Record, vacated Defendant Aetna Life Insurance Company's administrative decision terminating Grosso's long-term disability benefits, and remanded the claim for further administrative consideration. Now, pursuant to ERISA's attorney fee provision, 29 U.S.C. § 1132(g)(1), Grosso requests an award of attorney fees in the amount of $44,770. (Motion for Attorney Fees and Costs, ECF No. 45.)[1] In its Opposition to the motion, Aetna argues (1) that the remand order does not justify a fee award; (2) that any award should be downwardly adjusted; and (3) that the amount of Grosso's fee request is excessive. (Opposition, ECF No. 49.) Concluding that an award of attorney fees is appropriate on this record, the undersigned recommends that the Court grant the motion, and award Grosso fees in the amount of $40,095.

---

[1] Plaintiff's Bill of Costs is a matter for the Clerk's determination.

**DISCUSSION**

"By statute, the district court has discretion to award attorneys' fees to a prevailing plaintiff in an ERISA benefit-denial case." *Colby v. Union Sec. Ins. Co. & Mgmt. Co. for Merrimack Anesthesia Assocs. LTD Plan,* 705 F.3d 58, 68 (1st Cir. 2013) (citing 29 U.S.C. § 1132(g)(1)). A plaintiff is not presumptively entitled to an award simply by prevailing before the district court in ERISA litigation. *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 226 (1st Cir. 1996). On the other hand, ERISA fee awards are not restricted exclusively to prevailing parties. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010) (abrogating, in part, *Cottrill*). Litigants who achieve partial success may also deserve a fee award under ERISA, but they must be able to demonstrate "some degree of success on the merits." *Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). A fee award should not issue if the party seeking it has achieved only "trivial success on the merits" or a "purely procedural victory." *Id.* at 255 (quoting *Ruckelshaus*, 463 U.S. at 688).

The Court is not necessarily required to apply a particular multi-factor test in order to award attorney fees under section 1132(g)(1). *Id.* at 254-55 (holding that the District Court for the Eastern District of Virginia was not required to apply the Fourth Circuit's prescribed five-factor test for evaluating section 1132(g)(1) motions). While noting that its own multi-factor test for ERISA fee awards is "not necessarily prohibit[ed]" by *Hardt*, the First Circuit Court of Appeals has acknowledged the holding of *Hardt* and has remanded a decision on an ERISA fee application that failed to apply *Hardt's* standard and instead followed the First Circuit's pre-existing five-factor test. *Gastronomical Workers Union Local 610 & Metro. Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp.*, 617 F.3d 54, 66 (1st Cir. 2010).

### A. Plaintiff Achieved Some Success on the Merits

In this case, Grosso successfully argued that Aetna's administrative denial of benefits was arbitrary and capricious, and not supported by substantial evidence. Grosso, therefore, persuaded the Court to vacate Aetna's decision, and to order further administrative review of Grosso's claim to benefits. Aetna maintains that an award of fees is not warranted because the Court ordered a remand without an award of benefits and thus denied Grosso's request for reinstatement of benefits. (Opposition at 4-7.) Aetna additionally asserts that Grosso did not achieve success because the Court did not conclude that Grosso presented compelling evidence in support of his claim. (*Id.* at 3-4.)

Aetna's arguments are unpersuasive. Preliminarily, to the extent that the Court's prior decision is construed as a mere remand, a discretionary award of attorney fees is nevertheless warranted.[2] Grosso obtained relief from an adverse decision, by which decision he was to be denied disability benefits, and secured a review of his claim pursuant to the appropriate standard, which Aetna had not previously applied. Achieving a remand in this case was not insignificant particularly in light of the deferential standard of review that applied as the result of the Plan's delegation of discretionary authority to Aetna. *Cusson v. Liberty Life Assur. Co. of Boston*, 592 F.3d 215, 224 (1st Cir. 2010). As discussed further below, if someone in Grosso's position could not recover attorney fees where a court determined that an insurer's denial of benefits was arbitrary and capricious, there would be little incentive for an insurer, at least initially, to employ the appropriate standard when evaluating a claim for permanent disability.

---

[2] The Supreme Court noted in *Hardt* that it "need not decide today whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1). 560 U.S. at 256. As explained herein, in certain situations, including this case, a remand based upon a court's determination that an insurer's decision was arbitrary and capricious warrants an award of attorney fees.

3

In addition, if more than a "mere remand" is necessary for an award of attorney fees, the Court's prior decision again supports an award of attorney fees (i.e., a favorable comment on the merit of the disability claim). The Court concluded that Aetna's decision was arbitrary and capricious. In explanation of that conclusion, the Court noted that Aetna's determination that Grosso could return to his prior occupation was "a conclusion that has no medical record support" (Recommended Decision at 15, ECF No. 40), other than the unreasonable opinion of Aetna's retained expert who misinterpreted or mischaracterized the record to assert that Grosso lacked "personal motivation" (*id.* at 9). Indeed, the Court found that this was but one way in which "Aetna relied . . . on faulty reasoning or mischaracterization of the medical record with respect to its ultimate conclusion." (*Id.* at 14.) The Court's conclusion that Aetna's administrative decision was arbitrary and capricious, i.e., neither reasoned nor supported by substantial evidence, together with the Court's more specific comments on the medical evidence, constitute an implicit, if not explicit, recognition of the strength of Grosso's claim of disability.

Furthermore, although the Court concluded that more evidence, including evidence of Grosso's functional capacity, was required before the Court could determine whether Grosso was entitled to receive disability benefits, the Court's comments on several aspects of the medical evidence suggest that the Court viewed Grosso's disability claim in a positive light. For example, the Court cited evidence that indicated that Grosso's obsessive-compulsive traits amplified his symptoms and that the functional capacity simply did not support the idea that Grosso could work full time in any occupation, as Aetna had erroneously concluded. (*Id.* at 14-15.) The Court also noted that Aetna unfairly relied upon the absence of functional capacity findings in Grosso's treatment records to support its decision, despite the fact that functional capacity findings are not routinely included in the notes of treatment providers. (*Id.* at 16 (stating that Aetna had obfuscated

4

the issue with its approach to the functional capacity question).) Lastly, the Court observed that Aetna's conclusion that Grosso is able to perform any occupation not only is directly contrary to Aetna's initial disability determination, which was that Grosso was entitled to two years' of benefits due to incapacity to perform his own occupation, but also is contradicted by the fact that "all of the doctors who evaluated Grosso in person for work capacity, including both treating and nontreating physicians and psychologists, concluded that he either could not work full-time or could only work part-time under special conditions, or that he suffered from some cognitive impairment." (*Id.* at 17-18.) The Court's comments about the medical evidence thus suggest that the Court found merit in Grosso's claim.

In short, in its decision ordering the remand of the matter, the Court expressed skepticism about the bases of Aetna's decision, and cited several instances where the medical evidence was contrary to or inconsistent with Aetna's decision. The Court's critiques of Aetna's findings were inescapably merit-based. In the event, therefore, that Grosso must establish that the remand is accompanied by favorable commentary on his substantive disability claim, Grosso has satisfied his burden. Grosso has demonstrated that he achieved "some success on the merits" warranting an award of attorney fees. Certainly Grosso achieved more than "trivial success" or a mere "procedural victory." *Hardt*, 560 U.S. at 255.[3]

---

[3] This conclusion obviously raises the possibility that Grosso could be awarded attorney fees and yet not ultimately prevail in his quest for LTD benefits. While at least one panel of justices on the Sixth Circuit has found this to be troublesome, *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 534 (6th Cir. 2008), another Sixth Circuit panel affirmed a district court's award of fees to a plaintiff for obtaining a remand, even though the plaintiff had lost on the ultimate issue by the time the panel reviewed the fee award. *McKay v. Reliance Std. Life Ins. Co.*, 428 Fed. App'x 537, 545-46 (6th Cir. 2011) (unpublished). In partial support of its affirmance, the *McKay* panel noted that the remand turned on a finding of arbitrary and capricious conduct. *Id.* at 546.

Some district courts appear categorically to rule out fee awards based on a remand unless the plaintiff eventually prevails. *See, e.g., Vivas v. Hartford Life and Accident Ins. Co.*, No. 1:10-cv-22992, 2013 WL 5226720, at *3, 2013 U.S. Dist. Lexis 135894, at *7 (S.D. Fla. June 17, 2013) (Mag. J. recommendation) (noting that the court on remand had not provided "its opinion on the merits of Plaintiff's disability claim" or "impl[ied] that it was inclined to rule in Plaintiff's favor"), *adopted* (Aug. 27, 2013); *McCollum v. Life Ins. Co. of N. Am.*, No. 2:10-cv-11471, 2013 WL 308978, at *1, 2013 U.S. Dist. Lexis 10125, at *2 (E.D. Mich. Jan. 25, 2013) (indicating that a fee award would

**B.      The *Cottrill* Factors Support An Award of Fees**

Despite the Supreme Court's analysis in *Hardt*, the parties focus much of their arguments on the factors set forth in *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, where the First Circuit identified "five basic factors that customarily should be weighed in the balance: (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions." 100 F.3d at 225. As explained above, given the Supreme Court's reasoning in *Hardt* and the First Circuit's opinion in *Gastronomical Workers Union Local 610*, the five-factor test is not necessarily applicable.[4] Nevertheless, to the extent that the "flexible" five-factor test set forth in *Cottrill* remains applicable, an award is still appropriate.

*1.      The degree of culpability or bad faith attributable to the losing party.*

Culpability does not require that the moving party establish the bad faith or ill motive of the losing party. Instead, in the context of a request for attorney fees, the more relevant inquiry is the reasonableness of the losing party's position. For instance, in *Curtin v. Unum Life Insurance Company of America*, this Court awarded attorney fees to a plaintiff where Unum made an

---

only be appropriate if, after remand, the plaintiff "can then colorably claim 'success on the merits'"). This line of authority is inconsistent with the central holding of *Hardt* - that prevailing party status is not a precondition to an ERISA fee-shifting award. In addition, other courts, citing *McKay*, have granted fee awards based on remands. *See, e.g., Heath v. Met. Life Ins. Co.*, No. 3:09-cv-00138, 2011 WL 4005409, at *7, 2011 U.S. Dist. Lexis 101504, at *18 (M.D. Tenn. Sep. 8, 2011); *Hayden v. Martin Marietta Materials, Inc.*, No. 5:11-cv-00116, 2012 WL 5362871, at *4, 2012 U.S. Dist. Lexis 156880, at *12-13 (W.D. Ky. Oct. 31, 2012). As discussed herein, a fee award is warranted for a plaintiff who secures a remand by demonstrating that the decision is "arbitrary and capricious." Furthermore, in this particular case, Grosso's victory was not merely procedural. The Court found sufficient fault with Aetna's position on the merits to establish that this was not a mere "remand order, without more." *Hardt*, 560 U.S. at 256.

[4]      The Supreme Court in *Hardt* noted that it did not "foreclose" a court from considering preexisting multi-factor tests adopted by the Courts of Appeals. 560 U.S. at 255 n.8. A PACER review of the district court docket in *Hardt* reflects that the matter was settled and a stipulation of dismissal filed following the Supreme Court's order of remand. *Hardt v. Reliance Std. Life Ins. Co.*, No. 2:07-cv-00105-JBF-JEB (E.D. Va) (ECF No. 69).

6

"incorrect" decision. 298 F. Supp. 2d 149, 158-159 (D. Me. 2004) (finding culpability based on "a low level of care to avoid improper denial," based on the Court's independent review of the record).

In this case, regardless of the ultimate determination as to Grosso's entitlement to disability benefits, the Court concluded that the reasoning upon which Aetna relied to deny benefits was arbitrary and capricious. From a "culpability" standpoint, those findings are equal to or greater than the "incorrect" assessment that was deemed sufficient for the fee award in *Curtin*. Where the need for Grosso to seek relief from this Court was prompted by Aetna's arbitrary and capricious conduct, Aetna is sufficiently culpable under the *Cottrill* standard for the Court to exercise its discretion in favor of a fee award.

### 2. *The depth of the losing party's pocket.*

Given the size and scope of Aetna's business and the comparatively modest amount of Grosso's fee request, Aetna unquestionably has sufficient resources to satisfy an award of attorney fees. Regardless, this particular factor deserves little weight. *Cottrill*, 100 F.3d at 227. ("The capacity to pay, by itself, does not justify an award.")

### 3. *The extent (if at all) to which such an award would deter other persons acting under similar circumstances.*

The law should discourage insurers from acting arbitrarily and without supportive medical evidence when determining whether to approve a claim for disability benefits. If the only potential consequence of such conduct was an order to pay the benefits to which an insured was otherwise entitled, there would be little, if any, incentive for some insurers initially not to deny a claim for benefits. The possibility that the insurer would have to pay the insured's attorney fees when an initial determination is not adequate provides additional incentive to Aetna and similarly situated parties to review claims to the best of their ability as part of the initial review, and to assure that

7

they make their coverage determinations on sound information. An award in this case would further those objectives. *See, e.g, Heath v. Met. Life Ins. Co.*, No. 3:09-cv-0138, 2011 WL 4005409, at *7, 2011 U.S. Dist. Lexis 101504, at *18, 20 (M.D. Tenn. Sep. 8, 2011) (finding that it is not necessary to find bad faith in order to find a likely deterrent effect); *Hayden v. Martin Marietta Materials, Inc.*, No. 5:11-cv-00116, 2012 WL 5362871, at *4, 2012 U.S. Dist. Lexis 156880, at *15 (W.D. Ky. Oct. 31, 2012) (finding "that an imposition of attorneys' fees and costs will serve to deter other plan administrators from committing missteps similar to those that rendered defendant's determination arbitrary and capricious").

  *4.  The benefit (if any) that the successful suit confers on plan participants or beneficiaries generally.*

An award of attorney fees in this case should reassure plan participants and beneficiaries that they can obtain complete relief in the event the claims administrator denies benefits without an appropriate basis. To deny an award of attorney fees in a case in which an insured demonstrates that the claims administrator denied benefits without a proper basis could cause some participants or beneficiaries to conclude that even a legitimate challenge to the administrator's decision might be financially unwise given the likely cost of the challenge. In other words, in the absence of an award of attorney fees, to many participants or beneficiaries the right to challenge a wrongful denial would be illusory.

  Grosso undoubtedly filed this case out of concern for his own welfare and not to champion other participants and beneficiaries. Courts often find that such a fact weighs in favor of the defendant rather than the plaintiff. *See Cottrill*, 100 F.3d at 227 (noting that "exotic and fact-dependent" cases do not confer a benefit on other participants); *see also, e.g., Heath*, 2011 WL 4005409, at *8, 2011 U.S. Dist. Lexis 101504, at *21; *Hayden*, 2012 WL 5362871, at *4, 2012 U.S. Dist. Lexis 156880, at *15-16. However, a denial of fees under the circumstances of this case

would unquestionably discourage, due to an inability to pay for legal fees, other plan participants from prosecuting future challenges even if the participants believed their challenges had merit. Conversely, a successful challenge like Grosso's challenge, *with an award of fees*, confers some degree of reassurance, or "benefit" to participants and beneficiaries generally. In any event, even if this factor does not, or as a matter of law cannot, favor Grosso, it would lend no measurable weight to Aetna's position in the attorney fee analysis.

### 5. *The relative merit of the parties' positions.*

Grosso's position—that Aetna's decision was arbitrary and capricious, and not supported by reliable medical evidence—prevailed. Contrary to Aetna's contention, the fact that the Court concluded that Grosso had not presented sufficient evidence regarding his lack of functional capacity to permit the Court to award retroactive benefits without further administrative proceedings does not mean that Aetna's position has more merit than Grosso's claim to disability. As the Court concluded, based on the information of record, Aetna's decision to deny benefits was not warranted on the grounds Aetna cited. Aetna apparently maintains that the Court must make a favorable assessment of Grosso's disability showing before it permits the recovery of attorney fees. Aetna's approach would require the Court to evaluate the ultimate merits of Grosso's disability claim in the context of a request for attorney fees. If the Court adopted Aetna's position, the Court would in essence have to order that Grosso should receive benefits for Grosso to recover fees.

Aetna's approach would also be inconsistent with a central holding of *Hardt*: that a court should not need to engage in a lengthy discussion on a "central issue" in order to make an equitable determination about an attorney fee award. *Hardt*, 560 U.S. at 255 (quoting *Ruckelshaus*, 463 U.S. at 688). On this record, the Court found Aetna's decision to be arbitrary. Although the Court

did not directly state that Grosso had proved his entitlement to benefits, its comments on the medical evidence suggest that the Court believes that Grosso is likely to present evidence in the administrative proceeding that will result in a finding that Grosso is entitled to recover disability benefits.

**C.     Loadstar Calculation**

Grosso has discounted certain of his counsel's hours and has written off paralegal and associate attorney time. In particular, Grosso has eliminated charges for work on his unsuccessful objection to the remand recommendation. (Motion at 13.) With these reductions, Grosso's fee request prior to preparing his Reply to Aetna's Opposition to the Motion for Fees was $41,112.50. (See ECF No. 45-1.) With the addition of the time devoted to preparing the Reply, Grosso's final fee request is $44,770.00. Grosso's request is based on his counsel's hourly rate of $275. Grosso's counsel seeks compensation for a total of 162.8 hours.

   *1.     Hours*

Aetna contends that the amount of attorney time for which Grosso seeks to recover is unreasonable. More specifically, Aetna argues (1) that the 32.2 hours for the preparation of the Motion for Attorney Fees is excessive,[5] and (2) that the 71.7 hours to prepare his papers in support of his Motion for Judgment is excessive. (Objection at 19-20.) Given the extent of the record and the nature of the issues, counsel's time devoted to the Motion for Judgment was reasonable.

Aetna's argument regarding the time related to Grosso's Motion for Attorney Fees and Reply (totaling 45.5 hours) has more merit. Because Aetna vigorously opposed the fee request, as evidenced by its 23-page opposition, Grosso's counsel understandably committed significant resources to the fee request. Nevertheless, when the time is viewed as a percentage of the time

---

[5]     With the addition of the time for the reply to Aetna's opposition to Grosso's motion for fees, the total time related to the request for fees is 45.5 hours.

related to the more substantive Motion for Judgment (i.e., 63% of the hours generated in connection with the Motion for Judgment), the time objectively can be considered somewhat high. Under the circumstances of this case, a proportion of 40% (28.68, rounded to 28.5 hours—a reduction of 17 hours) is more reasonable.[6] With this adjustment, the recommendation is for a recovery for 145.8 hours.

### 2. *Rate*

Aetna also objects to the $275 hourly rate charged by Grosso's counsel. Aetna notes that Plaintiff's counsel, Attorney Jason Jabar, is not a specialist in ERISA litigation. While the result does not necessarily control the reasonableness of the rate, Attorney Jabar has evidently provided the level of expertise necessary to represent Grosso successfully to this point in the proceedings. Indeed, given the relative complexity inherent in most ERISA actions, one must have a certain level of expertise in order to represent a party effectively in such actions. Finally, both the national and local rates charged by lawyers who practice in this subject area are to some degree reflective of the expertise necessary to represent a party in an effective way in an ERISA matter. Attorney Jabar thus has demonstrated that he has the requisite expertise to charge a local hourly rate ($275) comparable to the rate charged by a local attorney practicing in the same field. Accordingly, the recommendation is that the Court approve Attorney Jabar's hourly rate of $275.

### 3. *Calculation*

Based on a reasonable number of hours (145.8) and a reasonable hourly rate ($275), the resulting lodestar calculation is $40,095.

---

[6] The requested time represented 25% of the overall time for which Plaintiff seeks to recover. The time as reduced by the Court constitutes approximately 17% of the overall time, which percentage the Court finds reasonable.

## CONCLUSION

Based on the foregoing analysis, it is recommended that the Court grant Plaintiff's Motion for Attorney Fees and award $40,095 in fees.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

February 25, 2014